**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERMAN EUGENIO GUILLEN, a.k.a. German Morales,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72681<br><br>Agency No. A028-663-884<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

German Eugenio Guillen, a native and citizen of Nicaragua, petitions for

review of a Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Guillen was conscripted into the Nicaraguan army in 1983 and served for approximately six months before deserting. He fears returning due to his desertion. Substantial evidence supports the agency's finding that Guillen's conscription, experiences in the military, and his subsequent desertion do not establish he was or will be harmed on account of a protected ground. *See Barraza Rivera v. INS*, 913 F.2d 1443, 1450 (9th Cir.1990) (mandatory military service and the possibility of punishment for desertion do not by themselves constitute persecution); *see also Zehatye*, 453 F.3d at 1187-88 (insufficient evidence petitioner was required to engage in inhumane acts or would face disproportionately severe punishment). Consequently, his asylum claim fails.

Because Guillen failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT protection because Guillen failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in Nicaragua. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

11-72681

We deny any request Guillen makes to renew his motion for a stay of removal.

**PETITION FOR REVIEW DENIED.**